UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NORMAN HOLMES,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:13-cv-648

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's return of writ, petitioner's traverse, respondent's reply, and petitioner's reply. (Docs. 10, 11, 12, 13).

## I.    FACTUAL BACKGROUND

On appeal to the Ohio Court of Appeals, the State set forth the following summary of the facts leading to petitioner's conviction and sentence:

> Monica Giles was working at a local United Dairy Farmers store when she saw Holmes putting things into his jacket. Giles tried to stop Holmes from leaving by locking the door. Holmes shoved Giles out of his way as he fled from the store. Giles' finger was cut by the door handle when she was shoved.

(Doc. 11, Ex. 5, p. 1).

## II.    PROCEDURAL HISTORY

### State Trial Proceedings

On January 28, 2011, the Hamilton County, Ohio grand jury returned an indictment charging petitioner with one count of robbery, in violation of Ohio Rev. Code § 2911.02(A)(2). (Doc. 11, Ex. 1). On July 21, 2011, petitioner, through counsel, entered a not guilty plea and the case proceeded to trial. Following a jury trial, petitioner was found guilty of robbery and

sentenced to serve a prison sentence of eight years in the Ohio Department of Corrections. (Doc. 11, Ex. 2).

## Direct Appeal

On July 28, 2011, petitioner, through new counsel, filed a timely notice of appeal to the Ohio Court of Appeals. (Doc. 11, Ex. 3). Petitioner raised the following ten assignments of error in his appellate brief:

1. The trial court erred to the prejudice of defendant-appellant by finding him guilty of robbery when the evidence presented at trial was insufficient to sustain such a conviction.

2. The trial court erred to the prejudice of defendant-appellant as its guilty verdict for robbery was contrary to the manifest weight of the evidence presented at trial.

3. The trial court erred to the prejudice of defendant-appellant by denying him a speedy trial.

4. The trial court erred to the prejudice of defendant-appellant by violating his Fifth Amendment right against self-incrimination by refusing to give a requested jury instruction on a lesser-included offense of theft until and unless defendant-appellant waived his constitutional rights and testified at trial.

5. The trial court erred to the prejudice of defendant-appellant by admitting impermissible hearsay evidence against him at trial.

6. The trial court erred to the prejudice of defendant-appellant by violating his Sixth Amendment confrontation rights.

7. The trial court erred to the prejudice of defendant-appellant by permitting the prosecution to impeach defendant-appellant with a misdemeanor conviction that was not an offense of dishonesty.

8. The trial court erred to the prejudice of defendant-appellant by denying his motion for a mistrial.

9. The trial court erred to the prejudice of defendant-appellant by sentencing him to the maximum prison sentence.

10. The cumulative effect of the trial court's errors led to a wrongful verdict in

violation of defendant-appellant's constitutional right to Due Process.

(Doc. 11, Ex. 4). On May 23, 2012, the Ohio Court of Appeals affirmed the judgment of the trial court. (Doc. 11, Ex. 6).

### Ohio Supreme Court

On July 6, 2012, petitioner, through counsel, filed a notice of appeal to the Ohio Supreme Court. (Doc. 11, Ex. 7). In his memorandum in support of jurisdiction, petitioner raised the following seven propositions of law:

1. The trial court errs to the prejudice of defendant-appellant when it finds him guilty of robbery when the evidence presented at trial was insufficient as a matter of law, and contrary to the manifest weight of the evidence presented at trial.

2. A defendant-appellant's defense counsel cannot effectively waive his client's speedy trial rights without the consent of his client or a legitimate reason.

3. A defendant-appellant's Fifth Amendment right against self-incrimination is violated when the trial court indicates it will only provide the requested jury instruction on a lesser-included offense if the defendant-appellant takes the witness stand and waives his Fifth Amendment right.

4. Defendant-Appellant's Sixth Amendment right to confrontation was violated by admission of a police report into evidence.

5. Evid. R. 609 is violated when the prosecutor impeaches a witness with a misdemeanor conviction for intimidation of a witness or victim.

6. The trial court errs to the prejudice of Defendant-Appellant when it imposes a maximum prison term when such a sentence is unreasonable and excessive considering the facts of the case.

7. A defendant-appellant's right to due process is violated when the cumulative effect of the trial court's errors lead to a wrongful verdict.

(Doc. 11, Ex. 8). On September 26, 2012, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (Doc. 11, Ex. 10).

3

## Post-Conviction Motions

Petitioner filed a pro se motion for post-conviction relief pursuant to Ohio Rev. Code § 2953.21 on October 29, 2012. (Doc. 11, Ex. 11). Petitioner argued that his trial counsel was ineffective for recommending that petitioner reject a plea deal offered by the prosecution. On November 1, 2012, the trial court denied petitioner's motion. (Doc. 11, Ex. 12).

On March 18, 2013, petitioner filed a motion for a hearing, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). (Doc. 11, Ex. 13). His motion was denied on May 29, 2013. (Doc. 11, Ex. 14).

Petitioner also filed a motion for summary judgment on August 8, 2013, which was denied by the trial court. (Doc. 11, Ex. 15, 16).

Petitioner did not appeal from the denial of his post-conviction motions.

## Federal Habeas Corpus

Petitioner filed the instant habeas petition pro se on September 16, 2013. (Doc. 1). Petitioner raises the following two grounds for relief in the petition:

> GROUND ONE: The trial court erred to the prejudice of petitioner by finding him guilty of robbery when the evidence presented at trial was insufficient to sustain a conviction and is against the manifest weight of the evidence.
>
> Supporting Facts: Petitioner's jury lost its way when the prosecutor failed to meet any, or all, elements of the offense of robbery.
>
> GROUND TWO: The trial court erred to the prejudice of petitioner by violating his Fifth Amendment right against self-incrimination by refusing to give a requested jury instruction on a lesser-included [offense] of theft until and unless the petitioner waived his constitutional rights and testified at trial.
>
> Supporting Facts: The court compelled petitioner to testify against the Fifth Amendment U.S. Constitution.

(Doc. 1).

Respondent has filed a return of writ and contends that petitioner's grounds for relief are without merit. (Doc. 11).

## III. THE PETITION SHOULD BE DENIED.

In this federal habeas case, the applicable standard of review governing the adjudication of constitutional issues raised by petitioner to the state courts is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000)), *cert. denied,* 132 S.Ct. 1743 (2012). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599–600 (quoting *Williams,* 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet. *Id.* at 600.

As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards. *See, e.g., Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court). It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . . This is a "substantially higher threshold.". . . To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v. Richter*, U.S. ___, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original). The Supreme Court recently extended its ruling in *Harrington* to hold that when a state court rules against a defendant in an opinion that "addresses some issues but does not expressly address the federal claim in question," the federal habeas court must presume, subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the "restrictive standard of review" set out in § 2254(d). *See Johnson v. Williams*, ___ U.S. ___, 133 S.Ct. 1088, 1091 (2013).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington*, 131 S.Ct. at 786. In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786–87.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher*, ___ U.S. ___, 132 S.Ct. 38, 44–45 (2011); *cf. Otte*, 654 F.3d at 600 (citing *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision"). In *Greene*, 132 U.S. at 44, the Court explained:

> [W]e held last term in *Cullen v. Pinholster*, 563 U.S. ___, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits. We said that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." *Id.*, at ___, 131 S.Ct. at 1398. The reasoning of *Cullen* determines the result here. As we explained, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions *as of 'the time the state court renders its decision.'" Id.*, at ___, 131 S.Ct. at 1399 (quoting *Lockyer v. Andrade*, 538 U.S. [at] 71-72 . . .; emphasis added).

Decisions by lower courts are relevant "to the extent [they] already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)). The writ may issue only if the application of clearly-established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins*, 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams*, 529 U.S. at 412).

**A. Ground One of the petition is without merit.**

In Ground One of the petition, petitioner argues that the evidence presented at trial was

7

insufficient to support his conviction. He further contends that his conviction was against the manifest weight of the evidence presented at trial. (Doc. 1, p. 6).

The Ohio Court of Appeals was the last court to issue a reasoned decision on the merits of petitioner's claims. The appeals court overruled petitioner's assignments of error as follows:

> In his first and second assignments of error, Holmes contests the sufficiency and weight of the evidence underlying his convictions. When reviewing the sufficiency of the evidence, this court must view all probative evidence and reasonable inferences in the light most favorable to the prosecution to determine whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983). In contrast, when reviewing the weight of the evidence, this court must independently weigh the evidence and consider the credibility of the witnesses to determine whether the trier of fact lost its way and created a manifest miscarriage of justice in finding the defendant guilty. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541.
>
> Viewing the evidence in the light most favorable to the state, we hold that a rational trier of fact could have found the elements of robbery proven beyond a reasonable doubt. The only contested issue in this case was whether Holmes recklessly inflicted physical harm on the store clerk as he was leaving the convenience store with stolen merchandise. The clerk testified that as she was standing by the door, Holmes shoved her out of the way causing injury to her finger. We also hold that the jury did not lose its way and create a manifest miscarriage of justice by finding Holmes guilty of robbery even though he testified that he had not shoved the store clerk but instead had merely "brushed" past her. Given his record of 25 theft convictions in the past ten years, the jury could have reasonably concluded that Holmes's testimony was not credible. The first and second assignments of error are overruled.

(Doc. 11, Ex. 6, pp. 1–2).

After review of the record in this case, the undersigned finds that petitioner is not entitled to habeas relief. As an initial matter, petitioner is not entitled to habeas relief on the basis of his manifest weight of the evidence claim. A "manifest weight of evidence" claim, which is based on a state law concept that is "both quantitatively and qualitatively different" from a constitutional due process sufficiency of evidence standard, *see Tibbs v. Florida,* 457 U.S. 31, 41–47 (1982), and

8

*State v. Thompkins*, 678 N.E.2d 541, 546 (1997), *superseded by state constitutional amendment on other grounds in State v. Smith*, 684 N.E.2d 668 (1997), raises an issue of state law only that is not cognizable in a federal habeas corpus proceeding such as this. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984).

The Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those who have been convicted without proof sufficient to allow a rational trier of fact to find guilt beyond a reasonable doubt. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983). In the context of a claim alleging a violation of due process, "sufficiency of the evidence" refers to the due process requirement that there be enough evidence introduced in favor of the prosecution for a rational trier of fact to find each element of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

However, under Ohio law, a claim that a verdict was against the manifest weight of the evidence—as opposed to one based upon insufficient evidence—requires the appellate court to act as a "thirteenth juror" and to review the entire record, weigh the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 485 N.E.2d 717, 720 (1st Dist. Ohio 1983); *cf. Tibbs v. Florida*, 457 U.S. 31 (1982). "Since a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, petitioner's claim that his convictions were against the manifest weight of the evidence cannot be considered by this Court." *Mason v. Brunsman*, No. 1:07-cv-1020, 2009 WL 2169035, at *29 (July 16, 2009 S.D. Ohio) (Spiegel, J.; Black, M.J.). Accordingly, petitioner is not entitled to habeas relief based on his manifest weight of the evidence claim raised in Ground One.

With regard to his sufficiency of evidence claim, the clearly-established standard of review for evaluating the merits of constitutional claims challenging the sufficiency of the evidence was established by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979). As the Supreme Court held in *Jackson*, because the Due Process Clause requires the State to prove beyond a reasonable doubt every fact necessary to constitute the charged offense, *In Re Winship,* 397 U.S. 358, 363–64 (1970), "the relevant question" in assessing the sufficiency of the evidence "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319 (emphasis in original).

Under the *Jackson* standard, the State is not required to rule out every hypothesis except that of guilt beyond a reasonable doubt. *Id.* at 326. Rather, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.*; *see also Walker v. Engle,* 703 F.2d 959, 969–70 (6th Cir. 1983). It is the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence and to draw reasonable inferences from the evidence. *Jackson,* 443 U.S. at 319. Consequently, the reviewing court is not permitted to reweigh the evidence, reevaluate the credibility of witnesses, make its own subjective determination of guilt or innocence, or otherwise substitute its opinion for that of the jury. *See id.* at 318–19 & n.13; *see also United States v. Fisher,* 648 F.3d 442, 450 (6th Cir. 2011) (citing *Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009)); *York v. Tate,* 858 F.2d 322, 329 (6th Cir. 1988) (per curiam).

"Circumstantial evidence alone is sufficient to support a conviction." *Newman v. Metrish,* 543 F.3d 793, 796 (6th Cir. 2008) (quoting *Johnson v. Coyle,* 200 F.3d 987, 992 (6th Cir. 2000));

10

*see also Fisher*, 648 F.3d at 450. Due process is satisfied as long as such evidence is enough for a rational trier of fact to make a permissible *inference* of guilt, as opposed to a reasonable *speculation* that the petitioner is guilty of the charged crime. *Newman,* 543 F.3d at 796–97 (and Sixth Circuit cases cited therein).

Moreover, federal habeas review of a claim challenging the sufficiency of the evidence is even further limited. As the Sixth Circuit explained in *Brown,* 567 F.3d at 205, the federal habeas court is "bound by two layers of deference to groups who might view facts differently than [the habeas court] would." The federal habeas court must defer not only to the trier of fact's findings as required by *Jackson,* but under 28 U.S.C. § 2254(d), must also "defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *Id.* (emphasis in original); *see also Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011), *cert. denied,* 132 S.Ct. 1927 (2012); *Anderson v. Trombley,* 451 F. App'x 469, 474–75 (6th Cir. 2011), *cert. denied,* 132 S.Ct. 1152 (2012). Therefore, as the Sixth Circuit went on to emphasize in *Brown*:

> [W]e cannot rely simply upon our own personal conceptions of what evidentiary showings would be sufficient to convince us of the petitioner's guilt. We cannot even inquire whether *any* rational trier of fact would conclude that petitioner . . . is guilty of the offenses for which he was charged. Instead, we must determine whether the Ohio Court of Appeals itself was unreasonable in *its* conclusion that a rational trier of fact could find [the petitioner] guilty beyond a reasonable doubt based on the evidence introduced at trial.

*Brown,* 567 F.3d at 205 (emphasis in original).

Applying the double-layer deferential standard to the case-at-hand, the undersigned is convinced that the Ohio Court of Appeals' sufficiency determination is neither contrary to nor an unreasonable application of *Jackson*. Under Ohio Rev. Code § 2911.02(A)(2), "no person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: inflict, attempt to inflict, or threaten to inflict physical harm on

11

another." "'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of gravity or duration." Ohio Revised Code § 2901.01(A)(3).

As he did in the state courts, petitioner here contends that there was insufficient evidence to demonstrate that he inflicted physical harm on the store clerk. (*See* Doc. 11, Ex. 4; Doc. 10, p. 3; Doc. 13, p. 4). However, as the Ohio Court of Appeals reasonably determined, sufficient evidence was presented at trial in order to find the physical harm element satisfied. During trial, the store clerk testified that she observed petitioner stuffing laundry detergent into his jacket. (Doc. 8, Transcript pp. 147–48). After she confronted petitioner, the clerk testified that "he started coming towards me, like trying to take some of the stuff out, saying, I don't have anything. And then I seen he had one more in his jacket and had one in his hand, and had come towards me, and I had locked the door." *Id.* at 148–49. According to the clerk's testimony, petitioner shoved her out of the way, causing her to injure her finger. *Id.* at 150. Officer Fusselman, a police officer investigating the incident, further testified that upon arriving at the scene the clerk "had a cut on one of her finger[s] and it was bleeding." *Id.* at 165.[1] Finally, to the extent that petitioner claims that there was insufficient evidence to establish that he recklessly caused physical harm on the clerk (Doc. 13, p. 4), the undersigned finds petitioner's argument without merit.[2] In this case, sufficient evidence was presented for the jury to reasonably conclude that petitioner perversely

---

[1] Petitioner also contends that because the clerk "refers to her cut of January 20 as past tense," the injury occurred prior to the incident resulting in his conviction. (Doc. 10, p. 3). However, the clerk specifically testified that her finger was not cut before the incident. (Doc. 8, Trans. p. 163).

[2] During the jury instructions the trial court advised the jury that a person acts reckless when "with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences he perversely disregards a known risk that such circumstances are likely to exist." (Doc. 8, Trans. pp. 268–69).

12

disregarded the fact that he would cause physical harm to the store clerk when he shoved her out of the way in the course of exiting the store.

Petitioner also argues that there was insufficient evidence to prove that he actually left the store with any detergent. On this basis, he claims the prosecution failed to prove that he committed a theft offense. (Doc. 10, p. 3). Contrary to petitioner's claim, the store clerk testified that when petitioner left the store he had at least one bottle of detergent in his possession. (Doc. 8, Trans. p. 161). In any event, as argued by respondent (Doc. 12, pp. 3–4), the prosecution was not required to prove that petitioner was successful in committing a theft offense, as Ohio's robbery statute provides that "no person, in *attempting* or committing a theft offense or in fleeing immediately after the *attempt* or offense" shall inflict physical harm on another. Ohio Rev. Code § 2911.02(A)(2) (emphasis added).

When viewing all of the evidence in the light most favorable to the prosecution, this Court concludes that the evidence was constitutionally sufficient to sustain petitioner's conviction. The Ohio Court of Appeals' adjudication of petitioner's sufficiency-of-evidence claims involved a reasonable application of the *Jackson* standard and was based on a reasonable determination of the facts in light of the evidence presented at trial. Accordingly, petitioner is not entitled to habeas relief based upon Ground One of the petition.

### B. Ground Two is without merit.

In Ground Two, petitioner argues that the trial court compelled him to testify against the Fifth Amendment. (Doc. 1, p. 8; Doc. 10, p. 4). At the close of the prosecution's case, petitioner moved for a judgment of acquittal, which was denied by the trial court. (Doc. 8, Trans. p. 179). Without offering any evidence, petitioner also rested his case. *Id.* at 180. At that time, petitioner also requested that the trial court instruct the jury on the lesser-included offense of theft. *Id.* at

182. The trial court denied petitioner's motion, finding as follows:

> Well, I have given lesser before in other cases, but the testimony is uncontroverted that the Defendant, according to the one eyewitness testimony, is that he attempted to steal and did steal detergent from UDF, and in fleeing thereafter recklessly inflicted physical harm on Monica Giles. I don't see a reason for a lesser.
>
> Now, I would say if the Defendant had taken the stand and testified, I took the stuff but I never pushed her and then I left, I think probably then I would have to give it, and it would be fair to give it then. But right now, I've got uncontroverted testimony. I'm not saying whether it's truthful or not, but the testimony that we have—everyone has rested, so I don't see a reason to—that it would be proper to give an instruction on theft because she testified to a robbery when you consider what she said.
>
> So without the Defendant testifying and saying it was just a theft and that's all he did, I'm not giving the instruction. So it's denied.

*Id.* at 183–84. In response, counsel for petitioner moved the court to reopen the case to allow petitioner to testify. *Id.* at 185. Petitioner acknowledged that he wished to take the stand and the court reopened the defense's case and permitted him to do so. *Id.* at 186–87. Petitioner now contends that he was compelled to testify in violation of his Fifth Amendment rights.

Petitioner also raised this claim as an assignment of error on direct appeal. (Doc. 11, Ex. 4, pp. 7–10). In overruling the assignment of error, the Ohio Court of Appeals ruled as follows:

> In his fourth assignment of error, Holmes maintains that the trial court violated his constitutional right against self-incrimination by refusing to give a requested jury instruction on the lesser-included offense of theft until after Holmes had testified at trial.
>
> A trial court need not instruct the jury on a lesser included offense unless "the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser-included offense." *State v. Thomas*, 40 Ohio St.3d 213, 216, 533 N.E.2d 286 (1988). At the time that Holmes requested the lesser-included instruction on theft, the only evidence on the record was the store clerk's uncontroverted testimony that Holmes had recklessly inflicted physical harm upon her as he was fleeing the scene. Given the state of the record, we cannot say that the trial court erred by refusing to give the instruction until evidence was placed of record contradicting the store clerk's testimony. That only occurred after Holmes took the stand and testified that he did not push the store

14

>clerk, but merely brushed past her on his way out of the store. The fourth assignment of error is overruled.

(Doc. 11, Ex. 6, p. 3).

After review of the record in this case, the undersigned finds that petitioner is not entitled to habeas relief based upon Ground Two of the petition. The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." *Minnesota v. Murphy*, 465 U.S. 420, 426 (1984). However, as the Supreme Court has acknowledged,

> [t]he [Fifth] Amendment speaks of compulsion. It does not preclude a witness from testifying voluntarily in matters which may incriminate him. If, therefore, he desires the protection of the privilege, he must claim it or he will not be considered to have been "compelled" within the meaning of the Amendment.

*Murphy*, 465 U.S. at 427 (quoting *United States v. Monia*, 317 U.S. 424, 427 (1943)). In this case, petitioner took the stand voluntarily after having been advised that he had the constitutional right not to do so. Prior to taking the stand, the following exchange took place between the trial court, petitioner, and his trial counsel, Mr. Rubenstein:

> THE COURT: Is he indicating that he wants to testify?
>
> MR. RUBENSTEIN: I think that's where we are with it, Judge. I appreciate it.
>
> And to that point, he knows he's got a constitutional right not to take the stand. We've discussed this. He knows that he's got a terrible record, and that's going to come out, but it's something that we've been talking about for several days, and I think the strategy at this point would be to try to get the lesser-included instruction.
>
> THE DEFENDANT: Yes, sir.

(Doc. 8, Trans. p. 186). Petitioner's decision to testify was completely voluntary. To the extent that he felt obliged to testify in order to obtain a lesser-included-offense jury instruction this does not amount to compulsion under the Fifth Amendment. *See Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 286 (1998) ("A defendant whose motion for acquittal at the close of the

government's case is denied must then elect whether to stand on his motion or to put on a defense. . . . In each of these situations, there are undoubted pressures—generated by the strength of the government's case against him—pushing the criminal defendant to testify. But it has never been suggested that such pressures constitute 'compulsion' for the Fifth Amendment.") (internal citation omitted).

To the extent petitioner claims he is entitled to relief because the trial court committed error or otherwise abused its discretion under state law with respect to the jury instructions, he raises issues of state law only that are not cognizable in this federal habeas corpus proceeding. A federal court may review a state prisoner's habeas corpus petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions").

It is well-settled under Supreme Court precedent that errors in jury instructions in a state criminal trial generally are not reviewable in a federal habeas corpus proceeding unless they deprived the petitioner of a fundamentally fair trial and due process of law. *See Henderson v. Kibbe,* 431 U.S. 145, 154 (1977); *see also Estelle,* 502 U.S. at 72. Before a federal court may overturn a state conviction based on an error in the jury instructions, "it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." *Cupp v. Naughten,* 414 U.S. 141, 146 (1973).

Therefore, the question on federal habeas review of a state conviction is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process."

*Estelle,* 502 U.S. at 72 (quoting *Cupp,* 414 U.S. at 147); *see also Henderson,* 431 U.S. at 154. The Supreme Court has clearly established that in answering this question, the instruction must "not be judged in artificial isolation," but rather must be considered in the context of the instructions as a whole and the trial record. *Cupp,* 414 U.S. at 146–47; *see also Estelle,* 502 U.S. at 72. In addition, if the challenged instruction is ambiguous, the inquiry turns on whether a reasonable likelihood exists that the jury applied the instruction in a way that violates the Constitution. *Estelle,* 502 U.S. at 72 (quoting *Boyde v. California,* 494 U.S. 370, 380 (1990)).

After review of the record in the instant case, the Court finds that the Ohio Court of Appeals' decision is neither contrary to nor an unreasonable application of federal law. In this case, the Ohio appeals court based its decision regarding the jury instruction on the fact that, under Ohio law, a charge on a lesser offense is only warranted if evidenced adduced at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. (Doc. 11, Ex. 6, p. 3). The Ohio Court of Appeals reasonably determined that the record did not support a jury instruction on the lesser-included theft offense based upon the uncontroverted testimony of the store clerk. Because petitioner fails to demonstrate that this finding was based upon an unreasonable determination of the facts or that the Ohio Court of Appeals' decision otherwise was contrary to or based on an unreasonable application of federal law, he is not entitled to habeas relief based upon Ground Two of the petition.

Accordingly, in sum, having found that petitioner's two grounds for relief are without merit, petitioner is not entitled to habeas relief and his petition (Doc. 1) should be **DISMISSED** with prejudice.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1)

be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which have been addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/15/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NORMAN HOLMES,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:13-cv-648

Dlott, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Norman Holmes # A611-595
Chillicothe Corr. Inst.
PO Box 5500
Chillicothe, OH 45601

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☒ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7011 3500 0001 5345 5970

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540